OPINION
{¶ 1} On September 7, 1973, appellant, Robert Henderhan, and appellee, Vera Henderhan, were married. Appellee filed a complaint for divorce on December 8, 2000.
{¶ 2} A hearing was held on September 10, 2001. By judgment entry filed October 1, 2001, the trial court granted the parties a divorce and divided the parties' assets.
{¶ 3} Appellant filed an appeal on October 26, 2001. Appellee filed a cross-appeal on November 1, 2001. This matter is now before this court for consideration. Assignments of error are as follows:
 {¶ 4} "I. THE TRIAL COURT ERRED BY FAILING TO AWARD APPELLANT THE ENTIRE AMOUNT IN ANNUITY NO. 004541700.
 {¶ 5} "II. THE TRIAL COURT ERRED BY FAILING TO AWARD APPELLANT HIS PRE-MARITAL SHARE OF HIS PENSION.
 {¶ 6} "III. THE TRIAL COURT ERRED BY NOT REIMBURSING THE APPELLANT DOWN PAYMENT MONEY HE PAID ON APPELLEE'S CAR.
 {¶ 7} "IV. THE TRIAL COURT ERRED BY NOT AWARDING THE APPELLANT ALL OF HIS PERSONAL INJURY SETTLEMENT PROCEEDS.
 {¶ 8} "CROSS-ASSIGNMENT OF ERROR I. THE TRIAL COURT ERRED IN FAILING TO AWARD SPOUSAL SUPPORT TO APPELLEE/CROSS-APPELLANT."
 I
{¶ 9} Appellant claims the trial court erred in determining an annuity worth $45,026.00, purchased with the proceeds from a disability settlement on his behalf, is marital property.
{¶ 10} Both parties cite as controlling the case of Hoyt v. Hoyt
(1990), 53 Ohio St.3d 177. In Hoyt at 178-179, the Supreme Court of Ohio held equitable distribution of pension or retirement benefits must be judged in light of the circumstances of each case, and set forth guidelines for trial courts to follow in determining the distribution:
 {¶ 11} "The general rule is that pension or retirement benefits earned during the course of a marriage are marital assets * * * and a factor to be considered not * * * only in the division of property, * * * but also in relationship to an award of alimony. * * * However, general rules cannot provide for every contingency and no specific rule can apply in every case. * * * The purpose of the guidelines is to provide a fair and equitable division of property and an award of alimony, if applicable, while simultaneously providing the employed spouse with an incentive to continue in the same employment and to enhance his or her pension or retirement benefits. Accordingly, this court holds that when considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result; the trial court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage." (Footnotes omitted.)
{¶ 12} Appellant argues the following footnote from Hoyt
establishes that disability settlements such as his are not pension or retirement benefits subject to marital property designation:
 {¶ 13} "See exclusions to the general rule, such as: (1) social security benefits, (2) disability retirement pay, and (3) railroad benefits. The United States Supreme Court in McCarty v. McCarty (1981), 453 U.S. 210, held that federal military retirement benefits were not marital property subject to state community property laws and thus could not be divided in a dissolution-of-marriage proceeding. * * *" Hoyt
at 178, fn. 3.
{¶ 14} In support of this argument, appellant also cites the decision of Okos v. Okos (2000), 137 Ohio App.3d 563, which in turn cites the decision of Elsass v. Elsass (December 29, 1993), Greene App. Nos. 93-CA-0005 and 93-CA-0016. Both these decisions found that disability benefits were separate property because they were "`a form of wage continuation designed to compensate the recipient for wages that he would otherwise receive but for disability.'" Okos at 568, quoting Elsass.
{¶ 15} Appellate courts that have been faced with this issue have emphasized the need to evaluate the totality of the circumstance la Hoyt
and the property division in its entirety in order to fashion an equitable division.
{¶ 16} With these principles in mind, we must review whether appellant's lump sum disability payment converted into an annuity is a continuation of his normal wage or in fact a fund established as a retirement annuity.
{¶ 17} Appellant testified the annuity was the result of a lump sum settlement with the insurance company, United Life Insurance Company, that was provided through his employer, Bowdil Company, because he could no longer work.[1] T. 18-19, 93-94. Appellant chose the lump sum settlement in lieu of monthly disability payments he was receiving and would have received for life. T. at 18-19, 95.
{¶ 18} Appellant was forty-nine years of age when he had his heart attack that escalated to full disability. T. at 5-7, 18. He receives a veteran's disability payment of $327.00 and a social security payment of $138.00 per month.
{¶ 19} The trial court found the lump sum disability settlement/annuity to be marital property. Marital property is defined in R.C. 3105.171 as follows:
 {¶ 20} "(3)(a) `Marital property' means, subject to division (A)(3)(b) of this section, all of the following:
 {¶ 21} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 22} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 23} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
 {¶ 24} "(iv) A participant account, as defined in section 148.01 of the Revised Code, of either of the spouses, to the extent of the following: the moneys that have been deferred by a continuing member or participating employee, as defined in that section, and that have been transmitted to the Ohio public employees deferred compensation board during the marriage and any income that is derived from the investment of those moneys during the marriage; the moneys that have been deferred by an officer or employee of a municipal corporation and that have been transmitted to the governing board, administrator, depository, or trustee of the deferred compensation program of the municipal corporation during the marriage and any income that is derived from the investment of those moneys during the marriage; or the moneys that have been deferred by an officer or employee of a government unit, as defined in section 148.06 of the Revised Code, and that have been transmitted to the governing board, as defined in that section, during the marriage and any income that is derived from the investment of those moneys during the marriage."
{¶ 25} During appellant's direct testimony, the trial court stated its view of the annuity as follows (T. at 94):
 {¶ 26} "It's a disability, he can no longer work. You took this payment in lieu of not being able to work, you took it in lump sum, it would have been a monthly payment, correct?
{¶ 27} "Correct.
 {¶ 28} "That's what's clear, so when you say it can't be in lieu of wages, it's clearly wages, Mr. Miller."
{¶ 29} To say the annuity is clearly a pension benefit is incorrect just as it is also incorrect to say it is clearly wages. As it pertains to these facts, the annuity received in October of 1999 was taken as "income" to the parties on their 1999 tax return. See, Plaintiff's Exhibits 10 and 18. In fact, the lump sum settlement was payment for wages earned during the marriage from October 1999 to October 2001 and whatever that amount is, it is marital property. For whatever value was determined for appellant's life expectancy after his sixty-second birthday, it is a pension and is marital property. The value of the annuity from October 2001 to March 31, 2009, the date of appellant's sixty-second birthday, is separate property. We reverse the trial court designation of the entire annuity as marital property and order an evaluation of the annuity consistent with our opinion.
{¶ 30} We might be inclined to overlook this deviation from minutia calculations if the trial court had not labeled it solely marital property, but we have determined the need for equitable division given the facts of the case. R.C. 3105.171(C).
{¶ 31} Assignment of Error I is granted.
 II
{¶ 32} Appellant claims the trial court erred in failing to award him his ten percent separate share of his pre-marital pension. We disagree.
{¶ 33} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
{¶ 34} The evidence is clear that appellant commenced his employment with Bowdil in August of 1968 and the parties were married in September of 1973. T. at 5, 6-7. However, between September 1969 and November 1971, appellant was in the army. T. at 6. It is unclear from the record the exact number of months of Bowdil employment were not during coverture. Further, such a calculation would be de minimis.
{¶ 35} Assignment of Error II is denied.
 III
{¶ 36} Appellant claims the trial court erred in not reimbursing him for the down payment he made on appellee's car. We disagree.
{¶ 37} The car was purchased on December 8, 1999, two years prior to the divorce. See, Plaintiff's Exhibit 5. The down payment came from appellant's social security retro benefit. T. at 70, 99. Appellant argues the social security retro payments constitute separate property. We do not agree that social security benefits paid in lieu of wages constitute separate property because retro payments are delayed social security payments that were due during coverture. However, the retro payments were paid during the marriage for wages that would have been earned during the marriage. Therefore, they are marital property.
{¶ 38} Assignment of Error III is denied.
 IV
{¶ 39} Appellant claims the trial court erred in not awarding him all of his personal injury settlement. We disagree.
{¶ 40} Appellant was injured in an automobile accident in June of 1999. T. at 21-22. The settlement from the tortfeasor involved both parties during coverture (June 2000). It is unclear what amount constitutes appellant's separate property.
{¶ 41} In a temporary order filed February 1, 2001, the issue of temporary spousal support was addressed as follows:
 {¶ 42} "Def. does not have sufficient funds to pay temp. sp. sup. Any income from the annuities to be divided 50/50 within 10 days, Def. to send Pl. $5,000.00 from the United Bank account."
{¶ 43} Clearly an award of temporary spousal support funded by appellant's account is not a violation of the duty to credit appellant with his separate property (personal injury settlement). This temporary order was not appealed.
{¶ 44} Assignment of Error IV is denied.
 CROSS-ASSIGNMENT OF ERROR I
{¶ 45} Appellee claims the trial court erred in not awarding spousal support. Based upon our remand in Assignment of Error I, we remand the issue of spousal support should the recalculation affect the trial court's determination on equitable distribution.
{¶ 46} As it stands under the present order, appellee is arguing events some ten years into the future. Any discussion as to the future value of the annuities would be speculative given that the disability lump sum payment comes due before appellee's sixty-second birthday.
{¶ 47} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division, is hereby affirmed in part, reversed in part and remanded.
By FARMER, P.J. WISE, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between the parties.
[1] Appellant had a heart attack and heart surgery in 1996 and has never been able to return to work. T. at 7.